UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GS HOLISTIC LLC, | CASE NO. C23-0400JLR |
| Plaintiff, | ORDER |
| v. | |
| ONWARD MEDIA LLC, et al., | |
| Defendants. | |

Before the court is Plaintiff GS Holistic, LLC's ("GS Holistic") motion for a 60-day extension of time to perfect service on Defendants Onward Media LLC, Jonathan Stephani, Rahn Bruns, and Brian Snow (collectively, "Defendants"). (Mot. (Dkt. # 7).) The court GRANTS GS Holistic's motion for an extension of time.[1]

Federal Rule of Civil Procedure 4 requires a plaintiff to serve the defendant with a

---

[1] Although the motion is noted for consideration on June 23, 2023 (*see id.*), the court sees no reason to delay issuing a decision on the motion. *See* Fed. R. Civ. P. 1 (authorizing the court to construe the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding").

ORDER - 1

summons and a copy of the complaint and sets forth the specific requirements for doing so. *See* Fed. R. Civ. P. 4. Rule 4(m), which provides the timeframe in which service must be effectuated, states in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id.*

GS Holistic filed this action on March 16, 2023. (Compl. (Dkt. # 1).) As a result, Rule 4(m)'s 90-day deadline for effectuating service of process expired on Wednesday, June 14, 2023. Fed. R. Civ. P 4(m). GS Holistic represents that although it sent the summonses for Defendants to its process server on April 6, 2023, none of the Defendants have been served. (Mot. ¶ 2-3.[2]) GS Holistic now asks the court to extend the Rule 4(m) deadline by 60 days to allow it to perfect service on Defendants "either personally or by publication." (*Id.* ¶ 5.)

The court finds that GS Holistic has not demonstrated good cause for its failure to effectuate service before the Rule 4(m) deadline. Nevertheless, the court GRANTS GS Holistic's motion for a 60-day extension of the deadline to perfect service (Dkt. # 7).[3]

---

[2] GS Holistic states that it attached an email chain with its process server to its motion. (*See id.* ¶ 4.) No such email chain, however, was attached to the motion.

[3] This order does not grant GS Holistic leave to serve Defendants by publication. If GS Holistic seeks to serve Defendants by publication, it must file a motion for leave to do so. *See Pascua v. Heil*, 108 P.3d 1253, 1257 (Wash. Ct. App. 2005) (explaining the standard for granting leave to serve a defendant by publication in Washington).

GS Holistic shall file proof of service on Defendants by no later than **August 13, 2023**. Failure to do so may result in the dismissal without prejudice of GS Holistic's claims against Defendants. Further extensions of the deadline to serve Defendants will not be granted absent exceptional circumstances.[4]

Dated this 15th day of June, 2023.

JAMES L. ROBART
United States District Judge

---

[4] Under Local Rules W.D. Wash. LCR 10(e)(3), the law firm, mailing address, and telephone number of the attorney preparing the paper should be printed or typed at the bottom of each page of a motion or other filing. In addition, Local Rules W.D. Wash. LCR 10(e)(5) requires line numbers in the left margin of each page of a motion or other filing. GS Holistic's motion does not comply with these rules. Accordingly, the court ORDERS counsel for GS Holistic to carefully review the court's local rules and to ensure compliance with those rules in all future filings. Failure to comply with the court's local rules may result in sanctions.