UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GS HOLISTIC, LLC, | CASE NO. C23-0400JLR |
| Plaintiff, | ORDER |
| v. | |
| ONWARD MEDIA LLC, et al., | |
| Defendants. | |

Before the court is Plaintiff GS Holistic, LLC's ("GS Holistic") second motion for a ten-day extension of the deadline to file a waiver of service. (Mot. (Dkt. # 15).) Because none of the Defendants have appeared in this action, the court exercises its discretion under Federal Rule of Civil Procedure 1 to decide this motion before the October 6, 2023 noting date. Fed. R. Civ. P. 1 (directing courts to construe the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding"). The court has reviewed GS Holistic's motion, the

ORDER - 1

relevant portions of the record, and the governing law.  Being fully advised, the court GRANTS GS Holistic's motion.

On August 22, 2023, the court granted in part GS Holistic's second motion for an extension of time to effect service on Defendants Jonathan Stephani and Rahn Burns (together, "Defendants") and ordered GS Holistic to file proof of service on Defendants by no later than September 12, 2023.  (8/21/23 Order (Dkt. # 12); *see also* 6/15/23 Order (Dkt. # 8) (granting GS Holistic's first motion for an extension of time to effect service).)

On September 14, 2023, rather than timely file proof of service, GS Holistic filed its first motion for a 10-day extension of time to file waivers of service in light of the parties' settlement discussions and Defendants' counsel's unavailability.  (1st Waiver Mot. (Dkt. # 13).)  The court granted the motion that same day and ordered GS Holistic to file the waivers of service by no later than September 22, 2023.  (9/14/23 Order (Dkt. # 14).)

On September 22, 2023, rather than timely file the waivers of service, GS Holistic filed the instant motion for a second 10-day extension of time to file waivers of service.  (Mot.)  GS Holistic attached to its motion correspondence between GS Holistic's corporate counsel and counsel for Defendants in which Defendants' counsel stated that he had not received authorization from his clients to either approve or reject GS Holistic's waivers of service.  (*Id.*, Ex. A at 28-34.[1])

---

[1] The court refers to the page numbers in the CM/ECF header when citing to the exhibit to this motion.  The court notes that the first 27 pages of this exhibit appear to relate to a deposition in another case.  Counsel for GS Holistic is ADMONISHED to submit only those materials relevant to the case at issue when filing motions.

Local Civil Rule 7(j) provides that a "motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline." Local Rules W.D. Wash. LCR 7(j). "Parties should not assume that the motion will be granted and must comply with the existing deadline unless the court orders otherwise." *Id.* Here, GS Holistic once again did not file its motion until the deadline for filing its waivers of service. (*See* Dkt.) Nevertheless, the court will GRANT GS Holistic's motion for an additional ten-day extension of the deadline to file the waivers of service (Dkt. # 15). GS Holistic shall file either the waivers of service or affidavits of service by no later than **October 2, 2023**. GS Holistic is ORDERED to be mindful of the deadlines set by this court in the many cases it has filed in this District and to plan ahead to meet those deadlines. <u>No further extensions of deadlines will be granted in this case</u>.

Dated this 26th day of September, 2023.

JAMES L. ROBART
United States District Judge